IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM HOUSTON,** | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | No. |
| | : | |
| **EASTON AREA SCHOOL DISTRICT,** | : | JURY TRIAL DEMANDED |
| **Defendant** | : | |

## COMPLAINT

1. The Plaintiff, William Houston, is an adult individual residing at 201 Reese Street, Easton, Northampton County, Pennsylvania 18042.

2. The Defendant, Easton Area School District, is a local school district with offices at 811 Northampton Street, Easton, Northampton County, Pennsylvania 18042.

## JURISDICTION

3. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343, Title VII of the Civil Rights Act of 1964, as amended, ["Title VII"], 42 U.S.C. § 2000e et seq.

4. All conditions precedent to jurisdiction under Title VII have occurred or been complied with; to wit; Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission [hereinafter "EEOC"], within 180 days of the unfair employment practice; a Notification of Right to Sue dated April 28, 2003 was received from the EEOC was received on or about April 30, 2003. Plaintiff filed this Complaint within 90 days of receipt of the Notification of the Right to Sue.

5. Defendant is an employer within the meaning of Title VII in that it is engaged in an industry that affects commerce and employs more than twenty employees

for such working day in each twenty or more calendar weeks in the current or preceding calendar year.

6. At all times herein relevant, Defendant significantly affected or controlled Plaintiff's access to employment at Defendant's place of business.

7. On or about 1964 Defendant hired Plaintiff to work as a teacher.

8. At all times herein relevant, Plaintiff worked diligently and professionally with an excellent work, performance and attendance record.

9. During the course of Plaintiff's employment with Defendant, Plaintiff earned various promotions due to his excellent work performance and post-graduate degree and certificate.

10. Plaintiff earned a possession in management in 1976 before becoming Defendant's first African American Principal in 1995. By the time of Plaintiff's retirement in July, 1998, Plaintiff had earned the position of Cabinet Member for Defendant Easton Area School District.

11. Plaintiff is an African American.

12. At the time of Plaintiff's retirement, Defendant paid Plaintiff One Hundred (100%) percent of his vacation days and Twenty-Five (25%) percent of his accrued sick days.

13. On August 14, 2001, Plaintiff learned for the first time that Defendant intentionally purposefully implemented a secret, undisclosed racially discriminatory policy for Cabinet level management upon their retirement, namely, white Cabinet members received One Hundred (100%) percent of accrued vacation days at retirement and One Hundred (100%) percent of accrued sick days, but African American Cabinet members only received Twenty-Five (25%) percent of accrued sick days.

14. On August 14, 2001, Plaintiff learned and discovered for the first time about the discriminatory retirement policy, namely, that upon retirement, Defendant intentionally discriminatorily paid white Cabinet level management One Hundred (100%) percent of accrued sick days and paid African American Cabinet level management Twenty-Five (25%) percent of accrued sick days, and Defendant hid the racially discriminating policy from Plaintiff and the public until Plaintiff learned it on August 14, 2001.

15. As a direct and proximate result of Defendant's invidiously discriminatory actions, as aforesaid, Plaintiff has suffered damages due to loss of past income, benefits and commissions, and/or earnings in excess of Seventy-Five Thousand ($75,000.00) Dollars.

16. As a direct and proximate result of Defendant's invidiously discriminatory actions, as aforesaid, Plaintiff suffered mental anxiety, anguish, distress, humiliation, and sleeplessness which damages exceed Seventy-Five Thousand ($75,000.00) Dollars.

WHEREFORE, Plaintiff demands judgment against Defendant in excess of Seventy-Five Thousand ($75,000.00) Dollars together with interest, costs of suit and reasonable attorneys fee.

*Orloski, Hinga, Pandaleon & Orloski*

Richard J. Orloski
Attorney for Plaintiff
Attorney ID No. 09857
111 N. Cedar Crest Blvd.
Allentown, PA 18104
610-433-2363