# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM HOUSTON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 03-3494 |
| EASTON AREA SCHOOL DISTRICT, | : | |
| Defendant. | : | |

HENRY S. PERKIN  December 23, 2009
United States Magistrate Judge

### MEMORANDUM

Presently before the Court is the Motion to Vacate Waiver of Jury Trial filed by the Plaintiff, William Houston ("Mr. Houston"), on December 11, 2009. For the following reasons, the Motion will be granted.

### I. BACKGROUND.

Mr. Houston filed his Complaint and demand for jury trial on June 5, 2003. The case was originally assigned to the Honorable James Knoll Gardner, and on February 17, 2004, following the consent of the parties, Judge Gardner ordered the referral of the case to United States Magistrate Judge Arnold C. Rapoport for all further proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

On July 24, 2008, an arbitration award was entered, and on July 29, 2008, Mr. Houston filed a request for a trial de

novo. The parties informally consented to a bench trial during a telephone conference with Magistrate Judge Rapoport, and on July 31, 2008, Chief Judge Harvey J. Bartle, III, reassigned the case to the undersigned.

A one-day bench trial was held on October 15, 2008. In a February 24, 2009 Memorandum Opinion and Verdict, this Court entered judgment for the Defendant, Easton Area School District ("EASD"). On December 8, 2009, the United States Court of Appeals for the Third Circuit, in a non-precedential opinion, vacated the judgment in favor of EASD and remanded this case for a new trial. The Court stated that:

> [Mr.] Houston challenges the court's exclusion of comparator evidence from the trial. Because we find Act 93 status should not have been determinative as to whether the employees were similarly situated to [Mr.] Houston, we will vacate the judgment of the District Court.
>
> . . .
>
> We find that under the facts of this case, Act 93 status should not have been the dispositive factor for purposes of determining whether [Mr.] Houston was similarly situated to other School District administrators.
>
> . . .
>
> The similarly situated analysis is for the District Court to determine in the first instance. *See Mendelsohn*, 128 S.Ct. at 1146 ("[Questions of relevance and prejudice are for the District Court to determine in the first instance." (citing *U.S. v. Abel*, 469 U.S. 45, 54 (1984))). But it appears that

2

> Ciccarelli and Hettel may be similarly situated to [Mr.] Houston. . . . . Evidence of additional similarly situated employees outside of [Mr.] Houston's protected class - each of whom received or was promised 100% of his sick pay upon retirement - likely would have changed the entire complexion of the trial.
>
> Accordingly, we will vacate the judgment in favor of the School District and remand for a new trial. On remand, the District Court should engage in a factual analysis of the relevant factors to determine whether any of the excluded comparators is similarly situated to [Mr.] Houston.

Houston v. Easton Area Sch. Dist., slip op., pp. 2, 9, 10, 11 (3d Cir. Dec. 8, 2009). As directed, we must first "engage in a factual analysis of the relevant factors to determine whether any of the excluded comparators is similarly situated to [Mr.] Houston" and then hold a new trial. At this juncture, and as a result of Mr. Houston's instant Motion, we must first decide whether to proceed with a jury trial.

Mr. Houston filed the instant Motion to Vacate Waiver of Jury Trial on December 11, 2009. EASD's Answer and Brief in Opposition to the Motion was filed on December 15, 2009, and Mr. Houston's Reply was filed on December 16, 2009. We held a telephonic conference with counsel on December 16, 2009.

**II. DISCUSSION.**

Mr. Houston moves to vacate his waiver of jury trial demand and have the matter listed for a jury trial "in light of the procedural history of this matter, and consistent with the

3

Due Process requirement of the Fifth Amendment." Pl.'s Mot., p. 1. He makes this Motion because he opines that "the adverse findings of fact already made in favor of Defendant and against the Plaintiff by the Trial Court sitting in the non-jury trial, fundamental fairness require[s] that the non-jury waiver be vacated, and the matter listed for a non-jury trial." Id. The EASD opposes this Motion to Vacate the Waiver because it contends that the circumstances of this case do not justify retrial by jury, the case "can be fairly retried by a bench trial without the expenditure of the significantly greater resources of a jury trial," and "[a] second trial by jury will completely change the nature, complexion and complexity of the case far out of proportion to the limited error ascribed by the Third Circuit."[1] Br. in Oppn., pp. 3, 4.

Although the right to a jury trial is guaranteed by the Seventh Amendment to the United States Constitution, like all constitutional rights, it can be waived by the parties. United States v. Moore, 340 U.S. 616, 621 (1951). Unlike other constitutional rights, this right can be waived by inaction or acquiescence. Cooper v. Loper, 923 F.2d 1045, 1049 (3d Cir.

---

[1] Although EASD opposes Mr. Houston's Motion, in response to the question "[w]hether plaintiff is entitled to a jury trial where he has previously waived his right and consented to have this matter heard at a non-jury trial?" EASD's counsel supplies "Yes" as the suggested answer. Br. in Oppn., p. 2. Because this suggested answer is inapposite to the arguments presented in the Brief, the Court assumes that this is a typographical error and the suggested answer to this query should have been "No."

1991)(holding jury trial waived by acquiescence). "Because the 'right of jury trial is fundamental, courts indulge every reasonable presumption against waiver.'" Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 222 (3d Cir. 2007)(quoting Aetna Inc. Co. v. Kennedy ex rel. Bogash, 301 U.S. 389, 393 (1937)). Under Federal Rule of Civil Procedure 38, in order to preserve the right to a trial by jury "as declared by the Seventh Amendment to the Constitution - or as provided by a federal statute . . . a party must serve a written demand - which may be included in a pleading - no later than 10 days after the last pleading directed to the issue is served and filing the demand in accordance with Rule 5(e)." Fed. R. Civ. P. 38(b)(1), (2).

In the instant case, Mr. Houston timely demanded a jury trial. Later, however, although the parties did not execute a stipulation waiving Mr. Houston's right to a jury trial and the parties' agreement to a bench trial was not held on the record, their participation in the bench trial without objection waived any Seventh Amendment right to a jury trial. In re City of Philadelphia Litigation, 158 F.3d 723, 727 (3d Cir. 1998)(citing Cooper, 923 F.2d 1045, 1049 (3d Cir. 1991) and Wilcher v. City of Wilmington, 139 F.3d 366, 378-79 (3d Cir. 1998)(reaffirming adoption of Cooper rule)). Mr. Houston argues that his waiver by participating in the bench trial "cannot be extended to a waiver for all purposes, especially after a remand where the trial judge

5

made adverse Finding of Facts which must be decided in the second trial." Reply, pp. 2-3. EASD argues, in response, that Mr. Houston is acting strategically by "participating in the bench trial in the hopes of achieving a favorable outcome, then asserting lack of consent to the bench trial when the result turns out to be unfavorable to him." Br. in Opp'n, p. 2 (citing Solis v. County of Los Angeles, 514 F.3d 946 (9th Cir. 2008) and Fuller v. City of Oakland, 47 F.3d 1522, 1531 (9th Cir. 1995)). EASD contends that the instant case is analogous to the Solis case because "Plaintiff now requests recision of the jury waiver strictly as a tactical matter." Id. Solis and its progeny are distinguishable from this case because unlike Mr. Solis, Mr. Houston is not asserting that he did not consent to a bench trial. Moreover, Mr. Houston's Motion was filed *after* the Third Circuit's remand for a new trial. As such, we see no tactical maneuvering by Mr. Houston in asking to have his new trial before a jury.

Federal Rule of Civil Procedure 39(b) authorizes a court, in its discretion, to order a jury trial. Fed. R. Civ. P. 39(b). However, "[t]he exercise of such discretion . . . 'must be firmly based upon circumstances warranting its exercise of discretion lest discretion become a mere arbitrary act of the court.'" Gonzalez v. Old Kent Mortgage Co., No. Civ.A. 99-5959, 2000 WL 1230460, at *2 (E.D. Pa. Aug. 16, 2000)(quoting Carey v.

6

Foster Wheeler Corp., No. 89-325, 1990 WL 86089, at *2 (D.N.J. June 20, 1990)(quoting The Personal Touch, Inc. v. Lenox, Inc., 122 F.R.D. 470, 471 (E.D. Pa. 1988) and Kalmanovitz v. G. Heilman Brewing Co., Inc., 610 F. Supp. 1319, 1328 (D. Del. 1985))).

The Third Circuit directs a lower court considering whether to use discretion to grant an untimely motion for a jury trial under Rule 39(b)[2] to weigh the following factors: 1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in bringing the motion; and 5) the reasons for the failure to file a timely demand. Securities & Exchange Comm'n v. Infinity Group Co., 212 F.3d 180, 195-96 (3d Cir. 2000), cert. denied sub nom., Springer v. SEC, 532 U.S. 905 (2001). These are factors for balancing, and no one factor is dispositive.

The first factor for this Court to weigh in considering whether to use discretion to grant a jury trial is whether the

---

[2] Mr. Houston's Motion was made within ten days following the remand by the Third Circuit. Federal Rule of Civil Procedure 38(b) provides:

> Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.

Fed. R. Civ. P. 38(b). Under Rule 39(d), a failure to timely serve the demand constitutes a waiver of the right to a trial by jury. Parties may be released from this waiver under Rule 39(b) by the discretion of the court.

7

issues are suitable for a jury. This case involves employment discrimination and can be equally tried by a court or a jury. Secondly, granting the Motion would not disrupt the schedule of the court or the adverse party, because the new trial will be scheduled within a relatively short period of time following the Circuit Court's remand. Moreover, during the December 16, 2009 telephone conference between the Court and counsel, counsel agreed that either a jury trial or a bench trial would likely take no longer than one week. Counsel did not indicate any resulting disruption to their schedules.

This Court must next address whether any prejudice would result to EASD as the adverse party. Mr. Houston initially sought a jury trial, and the parties completed discovery in anticipation of a jury trial. Only after dispositive and pretrial motions were decided did the parties informally consent to a bench trial. Thus, there is no prejudice to EASD that it was limited in the manner in which its discovery was completed. Similarly, EASD does not show sufficient prejudice in it's argument that "this case can be fairly retried by a bench trial without the expenditure of the significantly greater resources of a jury trial." Br. in Oppn., p. 3. In many cases, jury trials may require "significantly greater resources," but that fact alone should not deprive Mr. Houston of a jury trial. Further, we fail to see how this case will be "too complex" as argued by

8

EASD, to now submit to a jury.  The Court of Appeals has directed me to consider certain factors which it opined were not properly considered prior to the first trial.  See supra, pp. 2-3.  Under these circumstances, "the nature, complexion and complexity of the case" may, in fact, be different, but still not so complex for a jury as to prejudice the EASD.

The fourth factor, how long the party delayed in bringing the Motion, is not applicable in this case, as noted in footnote 2, supra.  Plaintiff filed the instant Motion within ten days of the Third Circuit's remand decision.  Similarly, the fifth factor, the reasons for the failure to file a timely demand, are not applicable in this case because Mr. Houston made a timely demand for a jury trial when this case was initially filed.

Weighing the five factors which this Court must consider in determining whether to grant a jury trial, this Court is convinced that Mr. Houston's Motion should be granted.

**III. CONCLUSION.**

Given Mr. Houston's Seventh Amendment constitutional right to a jury trial and the nature of the remand by the United States Court of Appeals for the Third Circuit, it is appropriate that Mr. Houston be granted a new trial by jury.

An appropriate Order follows.